# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY KOHLER, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:16-CV-03484-DGK-SSA |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Timothy Kohler's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of degenerative disc disease, chronic pain syndrome, hypertension, and tobacco use disorder, but he retained the residual functional capacity ("RFC") to work as an assembler and electronics worker.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his applications on June 1, 2014, alleging a disability onset date of September 15, 2012. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denials to an ALJ. The ALJ held a hearing, and on November 27, 2015, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on October 12, 2016, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also supports an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred by: (1) finding his depression was a non-severe impairment; and (2) failing to account for his alleged need for a cane in formulating his RFC.

I. **The ALJ did not err in finding Plaintiff's depression was a non-severe impairment.**

Plaintiff argues the ALJ erred at Step Two of the sequential evaluation process in finding that his depression was a non-severe impairment. Plaintiff notes the standard of proof for a severe impairment is very low, and he contends he met it.

In order to meet the Step Two "severity" requirement, Plaintiff had the burden of showing he had: (1) a "medically determinable" impairment or combination of impairments which (2) significantly limited his physical or mental ability to perform basic work activities without regard to age, education, or work experience, for the required twelve-month duration. 20 C.F.R. §§ 416.920(c), 416.921(a); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Although severity is not an onerous requirement, it is not a toothless standard either. *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007).

Here, substantial evidence supports the ALJ's finding that Plaintiff's depression did not more than minimally limit his ability to perform basic mental work activities during the relevant period. The ALJ analyzed Plaintiff's depression using the regulations' "special technique" for evaluating mental impairments which consider the claimant's degree of functional limitation in

---

medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)-(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

four areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. R. at 14-16; 20 C.F.R. §§ 404.1520a; 416.920a. The ALJ found Plaintiff had no limitations in the first three areas and no episodes of decompensation, thus his depression was non-severe. R. at 16.

The record supports these findings and the ALJ's conclusions. The Court will not go into all the evidence, but it notes as an example that during the hearing Plaintiff stated he had not received therapy from a mental health specialist, and that he was "doing okay" after taking Wellbutrin[2] and getting a companion cat. R. at 56. This lack of treatment was a proper factor for the ALJ to consider and supports his decision. *See Whitman v. Coleman*, 762 F.3d 701, 706 (8th Cir. 2014) (noting a lack of treatment may indicate a problem is not serious).

## II. The ALJ did not err in formulating Plaintiff's RFC.

Plaintiff also argues the ALJ erred in formulating his RFC by failing to discuss Plaintiff's alleged need to use a cane. This argument is unavailing. The record demonstrates Plaintiff's mobility is not as limited as he claims, and that he does not need a cane.

It is the claimant's burden to prove his RFC, not the Commissioner's. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). In making this determination, the ALJ considers a host of factors, including the claimant's medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, and attempts to work. SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). "A claimant's RFC represents the most he can do despite the combined effects of all of his *credible* limitations and must be based on all credible evidence." *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011) (emphasis added).

---

[2] In fact, Plaintiff took Wellbutrin for six months only, from August 8, 2014, through February 14, 2015, and it was prescribed in part to help him quit smoking. R. at 326, 329, 349, 351, 362-65, 367-70, 392. Once Plaintiff reported that the Wellbutrin was not working and that he still wanted to quit smoking, the physician's assistant prescribed him Chantix, a nicotine substitute. R. at 326.

4

This is important because credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003). Here, the ALJ found medical evidence documenting that Plaintiff had a spinal disorder with accompanying chronic pain, however, he found Plaintiff's allegations as to the extent of his limitations not entirely credible. R. at 19.

This credibility determination is supported by the record. Plaintiff testified at the hearing that he had constant, severe pain in his back, arms, and legs that rendered him essentially bedridden. R. at 44, 50. He claimed that pain forced him to lay down eight hours out of a twelve-hour day, and he was unable to sit more than ten to twenty minutes at a time, after which, his legs went numb and someone had to pick him up. R. at 44, 50. He testified he could only stand for ten to fifteen minutes, and walk for five to ten minutes. R. at 44. He also claimed that he required a cane and a wheelchair. R. at 55-56.

But, as the ALJ thoroughly explained in his decision, the record does not accord with his claims. Treatment notes from Plaintiff's physical examinations indicate he is in pain, but do not suggest he is virtually bedridden or needs a cane to walk. R. at 288, 320-22, 331, 358-59, 364, 387. The ALJ spent four pages of his decision discussing these inconsistencies, R. at 18-22, and the Court will not rehash this analysis here. However, the notes made by the consulting examining physician, Dr. Zachary Dalton, D.O., are particularly instructive. Dr. Dalton observed that Plaintiff displayed only a mild limitation while walking, was able to sit from a standing position without difficulty, and could rise from a seated position without difficulty. R. at 298. In fact, Dr. Dalton reported Plaintiff could toe walk and heel walk without significant difficulty, as well as squat and rise from a squatting position without difficulty. R. at 298-99. These abilities

are completely inconsistent with Plaintiff's claim that he could not walk without a cane. Consequently, the Court holds ALJ did not err in discounting the credibility of Plaintiff's allegations concerning his need for a cane, or in formulating his RFC.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   February 23, 2018                    /s/ Greg Kays
                                                     GREG KAYS, CHIEF JUDGE
                                                     UNITED STATES DISTRICT COURT